# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

IN RE:

**Snider, Joseph M. & Snider, Melissa**

Debtor(s)

Case No. _____

Judge _____

## CHAPTER 13 PLAN AND MOTIONS

**[ ]** Original          **[ x ]** Modified/Notice Required          Date: NOVEMBER 17**, 2017**

**[ ]** Motions Included          **[ ]** Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the Notice. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

[ ] DOES **[X]** DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

[ ] DOES **[X]** DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

[ ] DOES **[X]** DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: ___ss___     Initial Debtor: ___js___     Initial Co-Debtor: _____

**Part 1: Payment and Length of Plan**

a. The debtor shall pay $10**0.00** per **month** to the Chapter 13 Trustee, starting on     **10/1/2017**  for approximately **60** months.

b. The Debtor shall make plan payments to the Trustee from the following sources:
   **[X]** Future Earnings
   [ ] Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:
   [ ] Sale of real property
      Description:
      Proposed date for completion: _____

   [ ] Refinance of real property
      Description:
      Proposed date for completion: _____

   [x] Loan modification with respect to mortgage encumbering property
      Description: residence
      Proposed date for completion:    **3/1/2018**

d. [ ] The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. [ ] Other information that may be important relating to the payment and length of plan:

**Part 2: Adequate Protection [X] NONE**

a. Adequate protection payments will be made in the amount of $ **None** to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

b. Adequate protection payments will be made in the amount of $  _1,000.00_____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to _____Nationstar_____ (creditor).

**Part 3: Priority Claims (Including Administrative Expenses)**

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| **Stephanie Shreter** | Administrative Expense | **2,500.00** |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
**[X]** None
[ ] The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| **None** | | | |

**Part 4: Secured Claims**

2

**a. Curing Default and Maintaining Payments [X]NONE**

The Debtor shall pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  | 00 |  |  | 00 |

**b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: [X] NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| **None** |  |  |  |  |  |

**c. Secured claims excluded from 11 U.S.C. 506: [ ] NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  | 0.00 | 0. | 00 |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments [X] NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
| **HUD** | Residence | 50,000 | 250,000 | 258,748 | no value |  | -0- |

| | | | | | | |
|---|---|---|---|---|---|---|
| Wells Fargo na | residence | 4,954 | 250,000 | 258,748 | no value | -0- |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender [X] NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| **Harley Davidson** | Motorcycle | 23,393 | |

**f. Secured Claims Unaffected by the Plan [X] NONE**

The following secured claims are unaffected by the Plan:
Ford
Crysler

**g. Secured Claims to Be Paid in Full Through the Plan [ ] NONE**

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
| | | **00** |

## Part 5: Unsecured Claims [ ] NONE

**a. Not separately classified** allowed non-priority unsecured claims shall be paid:

___ Not less than $ _____ to be distributed *pro rata*
___ Not less than _____ percent
 **X** *Pro Rata* distribution from any remaining funds

b. **Separately Classified Unsecured Claims** shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| **None** | | | |

## Part 6: Executory Contracts and Unexpired Leases [X] NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| **None** | | | | |

## Part 7: Motions

4

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, Notice of Chapter 13 Plan Transmittal, within the time and in the manner set forth in D.N.J. LBR 3015-1. A Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation must be filed with the Clerk of Court when the plan and transmittal notice are served.**

**a. Motion to Avoid Liens under 11 U.S.C. Section 522(f).** [ ] NONE
The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| **HUD** | **RESIDENCE** | **MTG** | **50,000** | **250000** | | **258,748** | **50,000** |

**b. Motion to Void Liens and Reclassify Claim from Secured to Completely Unsecured.** [X] NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| **Wells fargo financial natl bank** | residence | 4,954 | 250,000 | 248,748 | -0- | 4,954 |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** [X] NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| **None** | | | | | |

## Part 8: Other Plan Provisions

**a. Vesting of Property of the Estate**

  **X**  Upon Confirmation
  ___ Upon Discharge

**b. Payment Notices**

Creditors and Lessors provided for in Sections 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Trustee shall pay allowed claims in the following order:

    1) **Trustee Commissions**
    2) **Other Administrative Claims**
    3) **Secured Claims**
    4) **Lease Arrearages**
    5) **Priority Claims**
    6) **General Unsecured Claims**

   **d. Post-petition claims** The Trustee **[ ]** is, **[X]** is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

**Part 9: Modification [X] NONE**

If this plan modifies a plan previously filed in this case, complete the information below.

Date of Plan being modified: _____

| Explain below **why** the Plan is being modified. | Explain below **how** the Plan is being modified. |
|---|---|
| 1, Strip HUD Mortgage  2. reclassify secured claim of Wells Fargo NA 3. surrender Harley Davidson | no effect on payment plan revised to reflect strip off and judgment lien and surrender of Motorcycle |

Are Schedules I and J being filed simultaneously with this Modified Plan?  **[ ]** Yes  **[X]** No

**Part 10: Non-Standard Provision(s): Signatures Required**

   Non-Standard Provisions Requiring Separate Signatures:

**[X]** NONE
**[ ]** Explain here:

   Any non-standard provisions placed elsewhere in this plan are void.

   The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

   I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date: 11/17/2017        /s/Stephanie Shreter
                          Attorney for the Debtors

Date: 11/17/2017/       /s/ Joseph Snider
                          Debtor

Date:                       _____
                          Joint Debtor

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

Date 11/17/2017         /s/Stephanie Shreter
                          Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date: 11/17/2017        /s/ Joseph Snider
                        Debtor


Date:                   _____
                        Joint Debtor

United States Bankruptcy Court
District of New Jersey

In re:                                                                                          Case No. 17-28256-CMG
Joseph M. Snider                                                                                Chapter 13
      Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-3          User: admin                  Page 1 of 2                  Date Rcvd: Nov 17, 2017
                              Form ID: pdf901              Total Noticed: 43

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 19, 2017.
```
db              Joseph M. Snider,   55 Homestead Dr,   Pemberton, NJ 08068-1570
517056088       AD Astra Recovery Services,   7330 W 33rd St N Ste 118,   Wichita, KS 67205-9370
517056090       AXCSSFN/Cingo,   7755 Montgomery Rd Ste 400,   Cincinnati, OH 45236-4197
517056089       Adinolfi & Packman,   4 Kings Hwy E,   Haddonfield, NJ 08033-2002
517056091      +Barclays Bank Delaware,   125 S West St,   Wilmington, DE 19801-5014
517056092       Best Egg/SST,   4315 Pickett Rd,   Saint Joseph, MO 64503-1600
517056095       CBNA,   PO Box 6497,   Sioux Falls, SD 57117-6497
517056103       CWS/CW Nexus,   101 Crossways Park Dr W,   Woodbury, NY 11797-2020
517056093       Capital One,   PO Box 30285,   Salt Lake City, UT 84130-0285
517163413       Capital One Bank (USA), N.A.,   PO Box 71083,   Charlotte, NC 28272-1083
517056094      +Capital One Bank Usa NA,   lyons, doughty & veldhuis,   136 Gaither Dr Ste 100,
                 Mount Laurel, NJ 08054-2239
517056096       Celtic Bank/Contfinco,   121 Continental Dr Ste 108,   Newark, DE 19713-4326
517056097       Chrysler Capital,   PO Box 961275,   Fort Worth, TX 76161-0275
517056098       Comenity Bank/Lnbryant,   PO Box 182789,   Columbus, OH 43218-2789
517056099       Convergent outsourcing,   PO Box 9004,   Renton, WA 98057-9004
517056102       Curacao,   1605 W Olympic Blvd Ste 600,   Los Angeles, CA 90015-3860
517056105       First Premier Ban,   601 S Minnesota Ave,   Sioux Falls, SD 57104-4824
517056106       Ford Motor Credi,   PO Box 542000,   Omaha, NE 68154-8000
517075028      +Harley-Davidson Credit Corp.,   PO Box 9013,   Addison, Texas 75001-9013
517056114       Swiss Colony,   1112 7th Ave,   Monroe, WI 53566-1364
517056117       Td Bank Usa/target credit,   PO Box 673,   Minneapolis, MN 55440-0673
517056118     ++U S DEPARTMENT OF EDUCATION,   P O BOX 5609,   GREENVILLE TX 75403-5609
                (address filed with court: US Dept of Edu AFSA,   501 Bleecker St,   Utica, NY 13501-2401)
517075574      +U.S. Department of HUD,   451 7th Street S.W.,   Washington, DC 20410-0001
517056120      +WebbankWebbank/Prosper Marketplace,   101 Second St, 15th Fl,   San Francisco, CA 94105-3672
517167749       Wells Fargo Bank, N.A.,   PO Box 10438, MAC F8235-02F,   Des Moines,   IA    50306-0438
517056121      +Wells Fargo Card Services,   Po Box 14517,   Des Moines, IA 50306-3517
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg             E-mail/Text: usanj.njbankr@usdoj.gov Nov 17 2017 22:34:43     U.S. Attorney,   970 Broad St.,
                 Room 502,   Rodino Federal Bldg.,   Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Nov 17 2017 22:34:41     United States Trustee,
                 Office of the United States Trustee,   1085 Raymond Blvd.,   One Newark Center,   Suite 2100,
                 Newark, NJ 07102-5235
517056100       E-mail/PDF: creditonebknotifications@resurgent.com Nov 17 2017 22:41:50     Credit One Ban,
                 PO Box 98873,   Las Vegas, NV 89193-8873
517056101      +E-mail/PDF: creditonebknotifications@resurgent.com Nov 17 2017 22:41:39     Credit One Bank,
                 Po Box 98872,   Las Vegas, NV 89193-8872
517056104       E-mail/Text: bankruptcynotices@dcicollect.com Nov 17 2017 22:35:00     Diversified Consultants,
                 PO Box 551268,   Jacksonville, FL 32255-1268
517056107       E-mail/Text: bankruptcy.notices@hdfsi.com Nov 17 2017 22:35:02     Harley Davidson Credit,
                 PO Box 21829,   Carson City, NV 89721-1829
517056108      +E-mail/Text: BKRMailOPS@weltman.com Nov 17 2017 22:34:37     Kay Jewlers,   375 Ghent Rd,
                 Fairlawn, OH 44333-4600
517056109       E-mail/PDF: resurgentbknotifications@resurgent.com Nov 17 2017 22:41:39     Lvnv Funding LLC,
                 PO Box 10497,   Greenville, SC 29603-0497
517056110      +E-mail/Text: bknotices@totalcardinc.com Nov 17 2017 22:34:44     Mid America Bank & Trust,
                 Po Box 5220,   Sioux Falls, SD 57117-5220
517056111       E-mail/Text: GenesisFS@ebn.phinsolutions.com Nov 17 2017 22:35:18     Midamerica/milestone/GFS,
                 PO Box 4499,   Beaverton, OR 97076-4499
517056112       E-mail/Text: bankruptcydpt@mcmcg.com Nov 17 2017 22:34:41     Midland Funding Llc,
                 2365 Northside Dr Ste 300,   San Diego, CA 92108-2709
517056113       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Nov 17 2017 22:41:45
                 Portfolio Recovery Associates, LLC,   120 Corporate Blvd Ste 1,   Norfolk, VA 23502-4962
517158703       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Nov 17 2017 22:47:14
                 Portfolio Recovery Associates, LLC,   c/o Tjx,   POB 41067,   Norfolk VA 23541
517056114       E-mail/Text: bankruptcy@sccompanies.com Nov 17 2017 22:35:18     Swiss Colony,   1112 7th Ave,
                 Monroe, WI 53566-1364
517056115      +E-mail/PDF: gecsedi@recoverycorp.com Nov 17 2017 22:36:11     Syncb/Tjx Cos,   Po Box 965005,
                 Orlando, FL 32896-5005
517056116      +E-mail/PDF: gecsedi@recoverycorp.com Nov 17 2017 22:36:04     Syncb/Walmart,   Po Box 965024,
                 Orlando, FL 32896-5024
517057945      +E-mail/PDF: gecsedi@recoverycorp.com Nov 17 2017 22:36:11     Synchrony Bank,
                 c/o of PRA Receivables Management, LLC,   PO Box 41021,   Norfolk, VA 23541-1021
517056119      +E-mail/Text: bnc-bluestem@quantum3group.com Nov 17 2017 22:35:02     Webbank/Fingerhut,
                 6250 Ridgewood Rd,   Saint Cloud, MN 56303-0820
                                                                                                TOTAL: 18
```

      ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                   TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

```
District/off: 0312-3          User: admin              Page 2 of 2              Date Rcvd: Nov 17, 2017
                              Form ID: pdf901          Total Noticed: 43
```

***** BYPASSED RECIPIENTS (continued) *****

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 19, 2017                                        Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 17, 2017 at the address(es) listed below:
```
              Albert   Russo    docs@russotrustee.com
              Charles G. Wohlrab    on behalf of Creditor    Nationstar Mortgage LLC d/b/a Mr. Cooper
               cwohlrab@logs.com, njbankruptcynotifications@logs.com
              Rebecca Ann Solarz    on behalf of Creditor    Harley-Davidson rsolarz@kmllawgroup.com
              Stephanie   Shreter     on behalf of Debtor Joseph M. Snider shreterecf@comcast.net
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                             TOTAL: 5
```